**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11275

Non-Argument Calendar

_____

WENDALL JERMAINE HALL,

*Plaintiff-Appellant,*

*versus*

MELINDA MASTERS,
    Facility Director,
JON CARNER,
    Assistant Facility Director,
HOUSTON,
    Security Director,
COURTNEY JONES,
    Clinical Director,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-00105-SPC-KCD

_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and WILSON, Circuit Judges.

PER CURIAM:

Wendall Hall appeals the summary judgment in favor of four officials of the Florida Civil Commitment Center and against his complaint that the officials violated his constitutional rights when they secluded him for an excessive period, failed to provide him with copies of his disciplinary reports, seized his electronic devices, and retaliated against him. *See* 42 U.S.C. § 1983. The district court correctly set aside its entry of default and granted summary judgment for the officials against Hall's complaint that they interfered with his access to the courts when they seized his electronic devices, but it otherwise erred when it granted summary judgment for the officials. We affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

Hall is a detainee at the Florida Civil Commitment Center, a facility that houses sex offenders who have been involuntarily committed under the Florida Involuntary Civil Commitment of Sexually Violent Predators Act. Because Hall appeals the summary judgment entered against his complaint, we view the evidence in

25-11275               Opinion of the Court                    3

the light most favorable to him. *See Pesci v. Budz*, 935 F.3d 1159, 1165 (11th Cir. 2019).

On January 27, 2023, during a walkthrough of the facility, a therapist allegedly saw Hall view explicit images on a computer. She ordered him to hand over a jump drive inserted into the device, but Hall grabbed the jump drive and fled. An official found and restrained Hall, and a television captured Hall sliding a jump drive under a door, which the official recovered. The official also recovered an MP3 player from a cart after a resident reported that Hall tried to drop it into their pocket. Officials photographed, recorded, and turned over the items for investigation.

Officials charged Hall with disorderly conduct and placed him on secure management status for about 72 hours, during which he was confined to a room for 23 hours a day. He alleged that officials denied him hygiene products and access to his jump drive and MP3 player, which he claimed contained legal documents. An investigation of the devices revealed that they contained pornography, so officials also charged Hall with possession of pornography. Notices were served on Hall for each charge, and both notices state that he refused to sign them, although Hall disputes that officials ever served him.

During a hearing on February 8, 2024, a three-member panel consisting of Robert Houston, the security director for the facility, and two other officials reviewed the charges. The parties again dispute what happened. Hall explained that, as to the charge for disorderly conduct, he was in fear for his life, and, as to the charge for

possession of pornography, he disputed that the therapist saw pornography on the computer and argued that officials never found a jump drive on him. Hall also alleged that, during the hearing, Houston told him that he was going to "get [him] back" for having filed a lawsuit against him. And Courtney Jones, the facility's clinical director, also told Hall that he filed too many lawsuits against the facility, and that she was "gonna get [him]" for that.

The panel found that the evidence supported both charges and ordered Hall to be placed in a special wing of the facility for 30 days. Although officials there do not confine residents to a room, residents must stay in the wing, where they are free to associate with other residents. Hall alleged that, during his time in the wing, officials denied him hygiene products and access to his jump drive and MP3 player, which contained legal documents. On February 20, 2023, officials moved Hall to a step-down unit, and they returned him to the general population four days later.

Hall sued various facility officials on February 16, 2023. He alleged that they violated his constitutional rights when they secluded him for an excessive period, failed to provide him with copies of his disciplinary reports, seized his electronic devices, and retaliated against him. *See* 42 U.S.C. § 1983. When the officials failed to answer his complaint, Hall moved for default judgment.

After the district court entered default, the officials moved to vacate it. The district court granted the motion and set aside its entry of default. The officials then moved for summary judgment. Hall submitted an affidavit that disputed the officials' allegations.

The district court granted summary judgment for the officials. It ruled that they imposed a period of seclusion because "Hall broke FCCC rules," and an affidavit from a facility official established the importance of sanctioning violations. It ruled that Hall's complaint of due process violations failed because the 30-day wing restriction did not substantially worsen his confinement, regardless of the notice issue. It explained that Hall retained essential liberties during the period of seclusion, including access to other residents, treatment, services, recreation, a computer, and a telephone. It also ruled that the officials were entitled to summary judgment against Hall's complaint that he was denied access to the courts because Hall failed to identify a legal action that was frustrated by the seizure of the devices. And it ruled that Hall's retaliation claim failed because Houston denied saying to Hall that he was going to "get [him] back," the panel unanimously found the rule violations substantiated, and Hall had not alleged that the other two members of the panel had any retaliatory intent.

## II. STANDARDS OF REVIEW

Two standards govern our review. We review a decision to set aside an entry of default for abuse of discretion. *Savoia-McHugh v. Glass*, 95 F.4th 1337, 1342 (11th Cir. 2024). A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures, or makes findings of fact that are clearly erroneous. *Id.* We review a summary judgment *de novo*. *Pesci*, 935 F.3d at 1165. Summary judgment is warranted "'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)). We view the evidence and draw all reasonable inferences in favor of the non-movant. *Id.*

## III. DISCUSSION

We divide our discussion into two parts. First, we explain that the district court did not abuse its discretion when it set aside its entry of default because the officials established good cause. Second, we explain that the district court correctly granted summary judgment for the officials against Hall's complaint that they interfered with his access to the courts when they seized his devices, but it otherwise erred when it granted summary judgment for the officials because it resolved material factual disputes in their favor.

### A. The District Court Did Not Abuse Its Discretion When It Set Aside Its Entry of Default.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." FED. R. CIV. P. 55(a). But "[t]he court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The "good cause" standard under Rule 55(c) is less rigorous than the standard required to vacate a final default judgment. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014). The standard is "not susceptible to a precise formula," and we have instructed district courts to consider several factors, including whether the default was "culpable or willful," whether a "meritorious defense" exists, whether a decision to set aside an entry of default would "prejudice . . . the adversary," and whether the

defaulting party "acted promptly to cure the default." *Savoia-McHugh*, 95 F.4th at 1342.

Hall argues that the district court should not have granted the officials' motion to vacate the entry of default. He contends that the officials failed to establish good cause for doing so and failed to present a meritorious defense. We disagree.

The district court did not abuse its discretion. The officials established good cause for their failure to answer Hall's complaint. Hall is a frequent filer in federal court, and the officials explained that they made a clerical error when they conflated this action with another of Hall's actions. The officials moved to set aside the entry of default two weeks after they received notice of a hearing on Hall's amended motions for default judgment. The district court considered the relevant factors and found that the default was not culpable or willful and that the officials acted promptly to cure the default. *See id.* Although the district court acknowledged that the officials' general denials were insufficient to establish a meritorious defense, the good cause standard under Rule 55(c) is not a "precise formula," *Perez*, 774 F.3d at 1338, and the balance of the factors supports its decision to set aside the entry of default.

### B. The District Court Erred in Part When It Granted Summary Judgment to the Officials.

The district court granted summary judgment for the officials on Hall's complaints of excessive seclusion, failure to provide disciplinary reports, seizure of his electronic devices, and retaliation. We start with Hall's complaint that the officials violated his

right of access to the court when they seized his electronic devices. We then turn to Hall's remaining claims.

Hall failed to establish a genuine dispute of material fact that the officials interfered with his access to the courts. To prove a violation of his constitutional right of access to the courts, Hall needed to establish an actual injury. *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1266 (11th Cir. 2012). Hall argues that the district court erred in granting summary judgment for the officials on his complaint that they denied him access to the courts when they seized his jump drive, which he claims contained his legal materials. But his general, unsupported allegation that the jump drive contained legal materials and that the seizure stymied his legal proceedings was insufficient to defeat summary judgment. Hall provides no evidence of a specific action that was prejudiced or stymied by the officials' seizure of his jump drive. *See id.*

Hall also argues that the district court erred in granting summary judgment for the officials on his three remaining complaints: excessive seclusion, failure to provide disciplinary reports, and retaliation. He contends a genuine dispute of material fact existed for each claim, which the district court incorrectly resolved in favor of the officials. We agree.

The district court erred in granting summary judgment against Hall's complaints of excessive seclusion, due process violations, and retaliation. When we credit Hall's affidavit, as we must, genuine issues of material fact remain. These issues include whether Hall's 30-day confinement, during which, he attested,

officials denied him hygiene products, was a constitutional deprivation, whether officials failed to give him adequate notice, and whether they intended to retaliate. In crediting the officials' version of the facts, the district court weighed conflicting evidence and made credibility determinations. *See Grayson v. Warden, Comm'r, Ala. Dep't of Corr.*, 869 F.3d 1204, 1220 (11th Cir. 2017) ("In deciding whether to grant summary judgment, a district court may not weigh conflicting evidence or make credibility determinations." (internal quotation marks omitted)).

## IV. CONCLUSION

We **AFFIRM** the order setting aside the entry of default and the summary judgment against Hall's complaint that the officials interfered with his access to court when they seized his electronic devices, **VACATE** the summary judgment for the officials against Hall's remaining claims, and **REMAND** for further proceedings.